UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOSEPH LICARI, #440607,

                            Plaintiff,

          -against-

ERROL D. TOULON, JR., Suffolk County Sheriff;
NEW YORK STATE; SUFFOLK COUNTY, NY;
JOHN DOE, Correction Officer;

                        Defendants.
----------------------------------------------------------------X

For Online Publication Only

**ORDER**
22-CV-00148 (JMA)(SIL)

**AZRACK, District Judge:**

      On January 10, 2022, pro se plaintiff Joseph Licari ("Plaintiff") filed a complaint while incarcerated at the Suffolk County Correctional Facility (the "Jail") against Suffolk County Sheriff Errol D. Toulon. Jr. ("Sheriff Toulon"), New York State, ("the State"), Suffolk County ("the County"), and an identified corrections officer ("C.O. John Doe" and collectively "Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983") purporting to allege a deprivation of his constitutional rights.   (See Complaint, ECF No. 1.)   Plaintiff also filed an application to proceed in forma pauperis ("IFP") and Prisoner Litigation Authorization form ("PLRA").   (ECF Nos. 2-3.)

      Upon review of the declaration accompanying Plaintiff's IFP application, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee.   See 28 U.S.C. § 1915(a)(1).   Accordingly, the Court grants Plaintiff's IFP application and sua sponte dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b)(1)-(2) for the reasons that follow.

## I.  BACKGROUND[1]

Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint form.  In its entirety, Plaintiff's statement of claim alleges that:

> I went into the bathroom after returning from the yard to take a shower.  I don't know who hit me but I was attacked from behind and assaulted.  The officer station is 15 feet from where the attack occurred.  A Federal law 42 U.S.C. § 1983 allows a defendant to sue state and city jails officials and guards if they deprive you of your rights under the US Constitution.  A pre-trial detainee in the county jail has a right to be free from assault.  I was not afforded that right on July 24th 2021.  The attack went on for more than 4 minutes.  I was knocked out and have no memory of the attack.  If there was camera posted in or near the bathroom then maybe the attack could have been prevented.

(Compl. ¶ II, ECF 1 at 3-4.)  Plaintiff also claims to have slipped on the bathroom floor because it is "refinished with an epoxy finish which is very slippery."  (Id. ¶ II.A., ECF No. 1 at 4.)  As a result, Plaintiff claims to have had "severe headaches" and also "received 4 staples to close a gash on the right side of my head" for which he seeks to recover a monetary award in the sum of $150,000 dollars.  (Id. ¶¶ II.A.-III.)

## II.  DISCUSSION

**A.  In Forma Pauperis Application**

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee.  28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's application to proceed in forma pauperis is granted.

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).  Excerpts from the complaint are reproduced here exactly as they appear in the original.  Errors in spelling, punctuation, and grammar have not been corrected or noted.

**B.      Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).  Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court must dismiss the action as soon as it makes such a determination.  28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).  In addition, the court is required to read a plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests.  United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft

v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.   Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Moreover, in an action brought pursuant to § 1983, a plaintiff must allege the personal

4

involvement of the defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'" Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). Indeed, as the Second Circuit Court of Appeals recently made clear, "there is no special rule for supervisory liability" and, in order "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." Tangreti v. Bachmann, 983 F.3d 609, 618, 620 (2d Cir. 2020). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

       1.      **Section 1983 Claims Against the Sheriff**

Here, although Plaintiff names the Sheriff as a defendant in the caption and in the identification of parties section of the form complaint, he is not again mentioned in the body of the complaint. Thus, affording the pro se complaint a liberal construction, it appears that Plaintiff seeks to impose liability against the Sheriff given the supervisory position he holds. However, there are no factual allegation in the complaint concerning any conduct or inaction by the Sheriff such that the Court could reasonably construe a plausible Section 1983 claim against him. Accordingly, because the complaint fails to state a claim against the Sheriff, Plaintiff's claims against the Sheriff are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### 2.  Claims Against New York State

The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacities, absent the state's consent to suit or an express or statutory waiver of immunity.  Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001).  "It is well-established that New York State has not consented to § 1983 suits in federal court and that § 1983 was not intended to override a state sovereign immunity."  Mamot v. Board of Regents, 367 F. App'x 191 (2d Cir. 2010).  Here, given that Plaintiff seeks to recover exclusively money damages, his Section 1983 claim against New York State is not plausible and is thus dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i)-(iii), 1915A(b)(1)-(2).

### 3.  Claims Against Suffolk County

It is well-established that a municipality, such as Suffolk County, may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort."  Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004).  Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights.  See, e.g., Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, the plaintiff must allege (1) the existence of a formal policy officially endorsed by the municipality, (2) actions taken or decisions made by an official with final decision making authority, (3) a practice so persistent and widespread that it constitutes a custom, or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who

6

come in contact with the municipal employees. Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 478 (E.D.N.Y. 2002). "[A] single incident in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998).

Here, even affording the pro se complaint a liberal construction, there are no factual allegations from which the Court may reasonably infer that the conduct or inaction of which Plaintiff complains was caused by some policy or custom of Suffolk County. Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, Plaintiff has not alleged a plausible Section 1983 claim against it and thus such claim is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i)-(ii), 1915A(b)(1).

### 4. Claims Against C.O. John Doe

Affording the pro se complaint a liberal construction, it appears that Plaintiff seeks to bring a Section 1983 claim alleging that the C.O. John Doe was deliberately indifferent to his safety on July 24, 2021, the date of the alleged assault by another inmate. (Compl., ECF No. 1 at 4.) Plaintiff does not allege whether he is a pre-trial detainee or a convicted inmate. This distinction is relevant because his claim would arise under the Fourteenth Amendment as a pretrial detainee and under the Eighth Amendment post-conviction. Barnes v. Harling, 368 F. Supp. 3d 573, 596 (W.D.N.Y. 2019) ("Under current Second Circuit law, when a pretrial detainee plaintiff brings § 1983 claims alleging deliberate indifference, including claims alleging failure to protect or intervene," a district court analyzes these claims under the Fourteenth Amendment using the standard set forth in Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017)).

To state a claim of deliberate indifference under the either the Eighth Amendment or the

Fourteenth Amendment's Due Process Clause, a plaintiff's allegations must satisfy a two-prong test comprised of both objective and subjective standards. Darnell, 849 F.3d at 30-31. "The standard for th[e] objective element is the same under the Fourteenth Amendment as under the Eighth Amendment." Drew v. New York City Health & Hosps. Corp., No. 19-CV-4067, 2022 WL 44751, at *5 (S.D.N.Y. Jan. 5, 2022) (citing Darnell, 849 F.3d at 30-31). "[T]o establish an objective deprivation, the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health. . . . There is no static test to determine whether a deprivation is sufficiently serious; instead, the conditions themselves must be evaluated in light of contemporary standards of decency." Molina v. County of Westchester, No. 16-CV-3421, 2017 WL 1609021, at *2 (S.D.N.Y. Apr. 28, 2017) (internal citations and quotation marks omitted). The second, subjective prong, is different for a deliberate indifference claim depending on whether it arises under the Eighth or Fourteenth Amendments. Under the Eighth Amendment, a plaintiff "must demonstrate that, subjectively, prison staff acted with 'deliberate indifference to inmate health or safety' in failing to address the purported danger." Reyes v. Wenderlich, 779 F. App'x 55, 56 (2d Cir. 2019) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). A deliberate indifference claim under the Fourteenth Amendment requires that a "pretrial detainee must prove that the defendant-official acted intentionally . . . or recklessly failed to act with reasonable care to mitigate the risk that the . . . defendant-official knew, or should have known, [to exist]." Darnell, 849 F.3d at 35 (referring to this subjective prong as the "mens rea prong"). For a failure to protect claim in the context of violence between incarcerated individuals, as is the case here, "[a] substantial risk of serious harm can be demonstrated where there is evidence of a previous altercation between a plaintiff and an attacker, coupled with a complaint by plaintiff regarding the altercation or a request by plaintiff

8

to be separated from the attacker." Gilmore v. Rivera, No. 13-CV-6955, 2014 WL 1998227, at *3 (S.D.N.Y. May 14, 2014); see also Ewers v. City of New York, No. 17-CV-1116, 2021 WL 2188128, at *6 (S.D.N.Y. May 28, 2021) (granting summary judgment to defendants on the first prong of plaintiff's failure to protect claims because "[p]laintiff has not provided any evidence that he and [the other inmate] engaged in prior physical altercations that should have indicated to Officer Haywood that there was an unreasonable risk of serious harm to plaintiff, as is required for plaintiff to succeed on his failure to protect claim"); Stewart v. Schiro, No. 13-CV-3613, 2015 WL 1854198, at *7 (E.D.N.Y. Apr. 22, 2015) (dismissing failure to protect claim where plaintiff had never been involved in an attack before and had no reason to suspect that he would be attacked on the day of the incident).

Here, as is readily apparent, Plaintiff's sparse allegations do not plausibly satisfy either prong of a deliberate indifference claim whether brought under the Eighth or Fourteenth Amendments. Wholly absent are any facts from which the Court could reasonably construe that the challenged condition posed an unreasonably serious risk of harm or that the defendant recklessly failed to act with reasonable care to mitigate the risk of harm. Indeed, Plaintiff does not allege any facts suggesting that the assault at issue was anything but a surprise attack. "'As a general matter, surprise attacks do not suggest deliberate indifference by a corrections officer.'" Murphy v. Spaulding, No. 20-CV-9013, 2022 WL 294552, at *6 (S.D.N.Y. Feb. 1, 2022) (quoting Jenkins v. Officer S (Downstate), No. 19-CV-10728, 2021 WL 4392611, at *4 (S.D.N.Y. Sept. 24, 2021)); see also Rivera v. Royce, No. 19-CV-10425, 2021 WL 2413396, at *8 (S.D.N.Y. June 11, 2021) ("It is well-established that prison officials cannot be deliberately indifferent to a surprise attack."); Carrasco v. Annucci, No. 17-CV-9643, 2020 WL 5038561, at *3 (S.D.N.Y. Aug. 26, 2020) ("Courts routinely deny deliberate indifference claims based upon

surprise attacks." (citation omitted)).   Accordingly, Plaintiff has not plausibly alleged a failure to protect claim against C.O. John Doe and such claim is thus dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).[2]

### 5. State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."   However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction."   Id. § 1367(c); (c)(3); see Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d. Cir. 2011).   The Supreme Court explained: "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction

---

[2] To the extent that Plaintiff seeks to pursue a Section 1983 claim concerning his fall on the "slippery" bathroom floor, it too is implausible.   It is well-established that a "slip and fall claim does not implicate a constitutional deprivation."   Baptiste v. Nassau Cty. Jail, No. 15-CV-0870, 2015 WL 1877717, at *4 (E.D.N.Y. Apr. 23, 2015) (citing Carr v. Canty, 10-CV-3829, 2011 WL 309667, *2 (S.D.N.Y. Jan. 19, 2011) ("'[C]ourts have held that allegations of wet conditions leading to a slip-and-fall will not support a Section 1983 claim even where . . . the plaintiff [ ] alleges that the individual defendants had notice of the wet condition but failed to address it.'") (elipsis and second alteration in original) (quoting Edwards v. City of New York, 08-CV-5787, 2009 WL 2596595, at *3 (S.D.N.Y. Aug. 24, 2009)); see also Jennings v. Horn, 05-CV-9435, 2007 WL 2265574, at *5 (S.D.N.Y. Aug. 7, 2007) ("[S]lippery prison floors, at best, pose a claim of negligence, which is not actionable under the United States Constitution."); Powers v. Gipson, 04-CV-6883, 2004 WL 2123490, at *2 (W.D.N.Y. Sept. 14, 2004) (sua sponte dismissing in forma pauperis complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, explaining that "[t]he claim that defendants were negligent in failing to clean up the water that caused plaintiff to slip, without more, fails to provide him with a basis for a federal claim, since mere negligence on the part of state officials is not actionable under § 1983") (additional citation omitted).   Accordingly, insofar as Plaintiff alleges a Section 1983 claim arising from his slip on the bathroom floor, it too is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

10

doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a viably pled federal law claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in Plaintiff's complaint and dismisses any such claims without prejudice.

### D. Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). Indeed, a pro se plaintiff who brings a civil rights action "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. N.Y. State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)). Yet while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citation omitted).

Here, the Court has carefully considered whether Plaintiff should be granted leave to amend his complaint. Because the defects in Plaintiff's claim against the State is substantive, and could not be cured in an amended complaint, leave to amend the complaint as against the State would be futile and is thus denied. In an abundance of caution, Plaintiff is granted leave to

file an amended complaint against the remaining Defendants in accordance with this Order. Any amended complaint must be clearly labeled "Amended Complaint", bear the same docket number as this Order, 22-CV-0148(JMA)(SIL), and shall be filed within thirty (30) days from the date of this Order. Plaintiff is cautioned that an amended complaint completely replaces the original. Therefore, Plaintiff must include all claims against any Defendants he seeks to pursue in the amended complaint and shall include factual allegations concerning the challenged conduct or inaction pertaining to each Defendant. If Plaintiff does not now know the identity of an individual he seeks to sue, he may name him or her as "John Doe" or "Jane Doe". However, Plaintiff must include some descriptive information about any such individuals, including, to the best of his ability, where, when, and how such individual's conduct or inaction pertains to his claim. If Plaintiff does not file an amended complaint within the time allowed, judgment shall enter and this case will be closed.

### III.     CONCLUSION

For the forgoing reasons, the Plaintiff's application to proceed in forma pauperis is granted. However, plaintiff's complaint is dismissed sua sponte in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and 1915A(b)(1)-(2) for failure to state a claim for relief. Plaintiff is granted leave to file an amended complaint in accordance with this Order. Any amended complaint must be clearly labeled "Amended Complaint," bear the same docket number as this Order, 22-CV-0148(JMA)(SIL), and shall be filed within thirty (30) days from the date of this Order. Plaintiff is cautioned that an amended complaint completely replaces the original. Therefore, Plaintiff must include all claims against any defendants he seeks to pursue in the amended complaint. If Plaintiff does not file an amended complaint within the time

allowed, judgment shall enter and this case will be closed.

The Court declines to exercise supplemental jurisdiction over any remaining state law claims alleged in the complaint and therefore the state law claims are dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Order to the Plaintiff at his last known address.

**SO ORDERED.**                                          ____/s/ (JMA)_____
                                                         Joan M. Azrack
Dated:   February 17, 2022                               United States District Judge
         Central Islip, New York